## 9901

### WILLIAMS v. GADSDEN.

#### (95 S. E. 519.)

WILLS—REMAINDER UNDISPOSED OF.—A testator, having two sons and a daughter, by the second and third items of his will gave portions to the sons, and by the fourth item undertook to provide for his daughter. In the second item he declared, "After the payment of all my just debts I dispose of all my estate, real and personal, as follows." By the fourth item he devised a tract of land to his sons in trust for his daughter, and at her death for the use and benefit of her husband for his life, should be outlive her, "the said tract * * being intended to be set apart as a fund for the certain support of my daughter * * * and her children," and provided that after the death of his daughter and her husband, should they leave no child or children who should reach 21 years of age or marry, then the land (calling it "the portion of my daughter") should go to testator's two sons in fee, but there were no words following this provision showing what should become of the land should there be a child or children surviving who should be 21 years of age or married. The daughter and her husband died, and were survived by a child, who attained 21 years before suit. Civ. Code 1912, sec. 3571, provides that no words of limitation shall be necessary to convey an estate in fee simple by devise, but every gift of land by devise shall be considered as a gift in fee simple, unless such construction shall be inconsistent with testator's will, expressed or implied. *Held,* in view of the statute, that the daughter took an absolute estate and her child took by inheritance from her or as her heir; it being testator's apparent intention to dispose of all his estate.

Before MEMMINGER, J., Charleston, December 4, 1917. Affirmed.

Action by Eliza A. Williams against C. Deas Gadsden. From judgment for plaintiff, defendant appeals. Defendant's exceptions are as follows:

(1) That his Honor erred in construing the will of Paul C. Grimball to the effect that the plaintiff, Eliza A. Williams, took title in fee to his "Waterloo Plantation," upon the death of her father, Robert C. McFaddin, the survivor of the life tenants. It being submitted that the intention of the testator must be shown by the language used in the will, and that the said Paul C. Grimball died intestate as to the rever-

sion of the title of the said "Waterloo Plantation" upon the death of Robert C. McFaddin, leaving a child, the issue of his marriage with Pauline C. Grimball, who attained the age of 21 years, and was married before his death.

(2) That his Honor erred in holding an estate in fee in Eliza A. Williams in view of the fact that said will makes absolutely no provision for the vesting of the estate in the child or children of Pauline McFaddin in case a child or children survive the said Pauline or Robert C. McFaddin and reach the age of 21 years or married, and that the said Paul C. Grimball therefore died intestate as to the remainder in said estate under the conditions which actually happened.

The parts of the will of Paul Chaplin Grimball ordered reported are as follows:

State of South Carolina, Charleston District.

I, Paul Chaplin Grimball, of John's Island, district and State aforesaid, do hereby make and declare this to be my last will and testament:

Fourth. I give and bequeath to my sons, Isaac P. Grimball and Thomas H. Grimball, my tract of land on John's Island, known as "Waterloo," and the tract of pine land belonging to it for fencing and firewood, containing together about one thousand acres, and the following negroes (thirty-eight negroes, naming them), together with one-third of my house and yard negroes, to be held in trust for my daughter, Pauline, wife of Robert C. McFaddin, and at her death for the use and benefit of her said husband, Robert C. McFaddin, during the term of his natural life, should he outlive her, subject, however, to the conditions and restrictions mentioned hereafter, the said tracts of land and negroes being intended to be set apart as a fund for the certain support of my daughter, Pauline, and her children, and shall not be liable in any form or manner for the debts, liabilities, or contracts of her said husband, Robert C. McFaddin, nor of

any person or persons whatsoever during her lifetime or the lifetime of her said husband, nor shall the plantation "Waterloo" be sold or exchanged, or the negroes removed or hired separately from the said plantation without the consent of both trustees in writing and by order of any Court of law having competent jurisdiction. And I hereby constitute and appoint my sons, Isaac P. Grimball and Thomas H. Grimball, trustees with full power and authority to act, and I desire my said sons as trustees to put my daughter, Pauline, and her husband, Robert C. McFaddin, in possession of said land and negroes as soon as my estate can be conveniently settled, and to allow them the management and control of said property with the receipt and use of the income. If the said Robert C. McFaddin should not outlive my daughter, Pauline, or outliving her, should not leave at the time of his death any child or children by said daughter, or leaving such child or children by her, they should die unmarried or under the age of twenty-one years, or if my daughter, Pauline, should outlive her husband, the said Robert C. McFaddin, and die leaving no child or children by the present or any future marriage, or leaving such child or children they die unmarried or under the age of twenty-one years, then and in that case I give and bequeath the said portion of my daughter, Pauline, namely, the plantation "Waterloo" and the negroes above mentioned to my sons, Isaac P. Grimball and Thomas H. Grimball, their heirs and assigns forever.

*Messrs. Hagood, Rivers & Young,* for defendant-appellant, cite: *As to construction of will:* 61 S. C. 164; 89 S. C. 566.

*Mr. Hugh C. Haynsworth,* for respondent, cites: *An English case, Knight v. Ellis.*

February 8. 1918.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

The Circuit Court construed the will of Paul Chaplin Grimball, and the appeal is from that construction. The controversy arises upon a contract to sell and to buy land; and the defendant, who agreed to buy, seems to want only the assurance of a good title. The Circuit Court concluded the plaintiff has the fee, and in that conclusion we concur.

There are two exceptions which ought to be reported. They assert these postulates: (1) That Paul died intestate as to the reversion of the title of Waterloo Plantation, upon the death of Robert leaving a child, etc.; (2) that the will makes no provision for the vesting of the estate in the child of Pauline, in the event a child shall survive Pauline or Robert, etc.; and that, therefore, Paul died intestate as to the remainder under the conditions which actually happened. Let the declaratory words of the will and the fourth item be reported; the balance of the instrument is not relevant.

The teseator had three children who were the objects of his bounty. They were Isaac P., Thomas H., and Pauline. The daughter married Robt. C. McFaddin; then she died, afterwards he died, and one child, the plaintiff, survives, and is 21 years old, and claims to own Waterloo Plantation.

By the second and third items of the will the testator gave portions to the sons, and by the fourth item he undertook to provide for the daughter. The controversy arises upon a construction of that item. It is true that a testator's intentions are to be gathered from the language he has used; and the instant case is no exception to that rule. But there are other rules, too, so well established that there is no need to cite authority. They are: (1) A testator ordinarily sets out to dispose of his full title, with no intention that there shall be a reversion of title; (2) the intention of the testator is to be gathered by a consideration of the entire instrument; (3) a testator's intention needs not to be expressed in technical terms, so that a will may create an absolute estate without the use of the word "heirs." It is reasonably manifest

from the entire instrument that the testator intended to wholly dispose of his title. In the second item he declared:

"After the payment of all my just debts I dispose of all my estate, real and personal, as follows."

By the second and third items he plainly and in technical terms gave absolute estates to his two sons. And by the last clause of item 4, upon a suggested event happening after his death, he undertook to limit an absolute estate in Waterloo to Isaac and Thomas. It is also reasonably manifest from the whole instrument that the testator gave Waterloo to Pauline absolutely, but not by the use of technical words. He declared:

"I give and bequeath to my sons, Isaac and Thomas, my tract of land * * * known as Waterloo * * * in trust for my daughter, Pauline, wife of Robert, * * * the said tract of land * * * being intended to be set apart as a fund for the certain support of my daughter, Pauline, and her children."

And near the close of the same items the testator describes the property therein referred to as "the portion of my daughter, Pauline." The language so quoted is sufficient to create an absolute estate in Pauline, and there would be no question about it but for the use of other language in the same item 4. Section 3571, Code of Laws. That other language has reference to two other beneficiaries, Robert, the son-in-law, and Isaac and Thomas, the sons. But the gift to Robert, if effective, is of the "use and benefit," and it is only a parenthetical disposition. The property was Pauline's by the first grant; and the testator then directed in effect that if Robert should survive her, then he should have the use of it so long as he lived. The validity of his interest is not in issue. The limitation to Isaac and Thomas was to take effect in them only in the event Pauline left *no* child. Pauline did leave a child, and there is plainly by the very words of the will no chance for Isaac and Thomas to take.

There is no need, therefore, to inquire if the limitation over to them upon any subsequent event was effective after the absolute estate had been already devised to Pauline. There was no limitation over to the child of Pauline in the event there should be such a child.   Pauline took the absolute estate by the words we first quoted, and the plaintiff takes by inheritance from her, or, as her heir.   We have not thought it necessary to characterize Pauline's title by a name; we have only stated its essential nature manifest from the testator's words.

The conclusion reached by the Circuit Court is affirmed.